Good morning, Your Honor. Darrell Moss here on behalf of the appellants Brian and Mary Marchant. Mr. and Mrs. Marchant are in the courtroom with us here today. The issue that we wish to address, specifically an oral argument today, is the issue of whether the stipulation and confession of judgment of a co-defendant is applicable and applies to the remaining defendants. This case was brought by the IRS to, among other things, foreclose alleged federal tax liens. Specifically, one of the allegations in the complaint was that the federal tax liens at issue attached to the subject property when the liens arose and the tax liens have continued to the present to attach to that real property without interruption. That was an allegation in the complaint asserted against all of the defendants. On December 4th, which was a Thursday, one of the defendants, a gentleman who was in federal prison at the time by the name of Curtis Swanson, signed a confession and stipulation that had been negotiated with the Internal Revenue Service. No other parties participated in the negotiation or execution of that stipulation and confession of judgment. On December 10th, three business days later, the district court judge signed an order and entered judgment against all parties finding that the federal tax liens had indeed attached to the subject property and had continued to the present to the property without interruption and were valid and enforceable. No other defendant had the opportunity to contest that, did not have notice of that stipulation, and were never given notice that they were being subject to the potential for judgment based upon the stipulation of a co-defendant. Based upon the stipulation of Mr. Swanson, the district court then proceeded forward with the sale of the property. My clients, Mr. and Mrs. Marchant, took the property by assignment from Ravalli County, which was not a party to that stipulation, which had not answered at that time. When they took the assignment, they were then subsequently added to the case. They filed an answer. When the district court went to enter summary judgment and enter an order declaring that the parties were supposed to and needed to respond to prior liens, they filed a pro se response asking the court saying, wait a minute, we need to determine the validity of these liens. We need to determine whether they're still even subject, this property is subject to them based upon discharge pursuant to federal statute. The court rejected that argument saying, essentially, I've already determined that this property is subject to this lien. There was never a trial. There was never notice that these defendants were being submitted to summary judgment. They were never given notice that the confession of a co-defendant and a stipulation of a co-defendant would be binding upon them. He did not represent them in any manner. Subsequent. The Marchants never had an opportunity to present the argument you're making to the court? What happened is after they responded, the district court rejected their argument saying that, essentially, I've already determined that the property is subject to these valid liens, and I'm not going to even consider your argument that this property could not be subject to those liens. We then filed a response in February, this would be document number 68, in February of 2009, a request that the judge reconsider and specifically address this argument that the property, that they were not bound by this confession and stipulation that the property was subject to these liens. The IRS needed to prove at trial or on summary judgment or some, against the remaining defendants, specifically Ravalli County and then Mr. and Mrs. Marchant, that this property was bound by these liens. That has never occurred. That is the main position of Mrs. Marchant is they were denied the right to have a trial in the merits or even a hearing on the issue of whether or not this property was subject to the liens of the Internal Revenue Service. And, indeed, at the only time when they requested that the court actually address this issue specifically and they requested a hearing, the district court denied that request in a text order without giving a reason beyond simply saying I already addressed it in my December 10, 2008, ruling, which was based upon a confession of a co-defendant and not all of the defense and the other parties in the case. Okay. And what about the, what do you think the effect of the lease pendants was that the government relies on? Our understanding of under federal law and state law is that a lease pendant simply gets notice that an action has been filed which may affect the interest in the property. Mr. and Mrs. Marchant do not contest that they knew about the lease pendants. They do not contest the fact that they knew that the IRS was seeking to enforce liens against the subject property. That is the reason why on November 25, 2008, they sent notice to the Internal Revenue Service pursuant to 26 U.S.C. 7425 saying if the IRS does not redeem or preserve and protect its interest in this property by the date of redemption, their liens will be foreclosed pursuant to statute. The lease pendants did not operate to in any way enjoin them from this nonjudicial sale from proceeding with the action that had commenced three years before this action was filed. It did not in any way act as an automatic stay. It simply gave notice. Mr. and Mrs. Marchant were aware of that. They gave notice to the Internal Revenue Service. And in fact, we know that the Internal Revenue Service were aware of the assignment to Mrs. Marchant because of correspondence between them and the Valley County Attorney prior to the assignment on November 3,    And the IRS did not enter the contract. In fact, the IRS entered the contract more than a month before the stipulation was signed and filed and the district court entered its order. Okay. Thank you. Your Honor, we would like to reserve our remaining time for rebuttal. May I?  I would like to make a comment on behalf of the court. I would like to make a comment on behalf of the United States. One fact that I would like to make the court aware of at the start is that the property that is at issue in this case has been sold. And so that raises the question as to what remedy the court may grant here. There are certainly cases out there saying that once property has been sold in a lien foreclosure suit, you can't undo the sale because the purchaser is not before the courts. However, on the possibility that the court might could, you know, in agreement with the Marchant's order to turn over the sales proceeds, I will perceive I wanted to make sure the court's aware of the sale of the property. It was not in the briefs and it took place after the briefs were filed. The Marchant's main argument today is this due process argument that the stipulation was entered into without any opportunity on their part to present contrary arguments. But even today, there's no indication as to what they possibly could have argued. At the time the suit was filed, it was titled in the name of a trust. And the court determined that titling that property in the name of the trust was a fraudulent conveyance from the taxpayer to the trust. And so the court, the district court set aside that fraudulent conveyance by stipulation and ordered that title was in the taxpayer, Mr. Swanson. And there's no contention today that at the time that stipulation was entered, the title was anywhere other than in Mr. Swanson. I mean, the fact of the matter is it was entitled to Mr. Swanson. At the time, there were valid tax assessments made against Mr. Swanson. Under the law, those tax assessments gave a rise to the Federal tax lien against all property owned by Mr. Swanson. And so at the time of the stipulation in December of 2008, there simply is no question, there's no contention today otherwise that, yes, there was a valid Federal tax lien against that property. There were other liens against the property that might have had different priorities. And on that point, we have never contested that first Ravalli County and subsequently the Marchants had a prior valid lien for the amount of the unpaid real property taxes. But otherwise, there was no question in December of 2008 that the Swansons owned the property, that as a matter of Federal law, the tax lien attached to that property. And so the district court's order in December of 2008 was perfectly legitimate, that the lien attached to the property and the government can enforce it. So now the only question is whether or not, you know, in the context of this lien foreclosure suit, the Marchants were permitted to essentially utilize State procedures to essentially pull the rug out from the expectations of everyone who was involved in this lien foreclosure suit. We think that the district court correctly rejected any contention that they could do that. Does the Supreme Court held in the United States v. Rogers that a lien foreclosure action under 7403, or actually it's an early predecessor of Section 7403, is an in-rem proceeding? This Court's decisions have often referred to the, quote, the ancient and oft-repeated principle that once property is brought within the jurisdiction of the court in an in-rem proceeding, the jurisdiction is exclusive and no other sovereign can adjudicate any matters with respect to the property. And, you know, that result is supported by the language of Section 7403. The statute requires the government, when it brings the lien foreclosure action, to name as parties all persons who might claim an interest in the property. There's no question the government did that here. And Section 7403 says that the district court shall adjudicate all matters with respect to the property and finally determine the rights of all persons to the property. That is, in essence, an in-rem proceeding. So the district court had exclusive jurisdiction over this property. And I think that's an eminently sensible result for this reason. How is this an in-rem proceeding? How is it an in-rem proceeding? No. Well, by the language of the statute, that, you know, all parties to this, all parties who might claim an interest to the property might, are required to be named as parties, and the court, the district court is required by the statute to adjudicate all matters with respect to the property. And, you know, and again, we rely upon the Supreme Court's language in United States versus Rogers, again, referring to an early predecessor of 7403 in which the court called it an in-rem proceeding. Now, the result reached by the district court, I think, is an eminently sensible result because, you know, if the merchant's view is to prevail here, well, then what would follow is kind of a game of gotcha because in every instance in which the government files a lien foreclosure suit, you know, people with an eagle eye will be watching the courthouse doors to see when the lien foreclosure suits are brought, and because in many, if not most of these cases, they're also dealing with real property taxes, they'll go out and purchase the tax deeds and sit and wait. There's certainly no loss to people doing that because they're either going to recover their the money they put forth for the tax deed because that is a valid first lien on the property, or if the IRS doesn't redeem in time, they're going to get the property for a fraction of its value. Now, I'm going to... To just stop a minute. So in this 7425 proceeding, there are lots of people who are named. I mean, the county was named. The merchants stepped into the county's position. There were lots of people who were parties in the lawsuit. The government goes out and negotiates a stipulation with one party. Is there no requirement in doing that that all the other parties be notified and involved in it or chance to object? You say they didn't proffer any contrary information, but is there not some process by which the parties who are in the litigation should be made aware of what the government's doing and given an opportunity by some form of notice to object to it? Well, okay, now, I mean, I don't have the docket sheet in front of me, but I presume because, I mean, it's required by the rules that every document gets filed with a district court is circulated and served upon all parties to the lawsuit. And also, you know, at that time, no party to the lawsuit ever claimed that there was any potential that the Federal tax lien might be declared invalid. And moreover, that stipulation did not purport to determine the relative priority of the liens. All it determined was that the government has a lien, and still there's no question even today that anybody has ever contended that the government did not have a lien. Okay. So the stipulation was served upon other parties, and no one ever suggested in any matter that the government did not have a valid Federal tax lien at the time. Okay. I interrupted you. Was there more? You were describing how the process works. Well, yeah. I mean, again, the March and Sugg view is to prevail here. I mean, you know, people will be coming out of the woodwork watching for lien foreclosure cases on the one hand, hoping to get the property for, you know, a fraction of its value. And on the other hand, it would require the IRS and every lien foreclosure suit that is redeem the real property taxes sometimes for one, two, or three years, because if there are contested matters, that's how long the lawsuit can go on for. And I think that that's just not called for under the statute. 7425 should be construed as providing a process for discharging a Federal tax lien up to the point that the lien foreclosure suit is brought, and the district court requires the NREM jurisdiction over the property. You know, I think that's the only reason, the only way that those two statutes can be read sensibly. Section 7403 says that the attorney general may bring the lien foreclosure suit at the request of the secretary. Well, it would be odd to read the statutes as, you know, saying the IRS can request the attorney general to bring the lien foreclosure suit, and then six months, a year, 18 months later, the secretary could say that, well, now I'm not going to redeem the property. And, again, it pulled the rug out from underneath of the expectations of the parties in litigation. You know, once the government's a party to a lawsuit, I mean, it's pretty much taken that, you know, service must be made upon the attorney general and upon the U.S. attorney. Under 7425, Congress did not hold or did not say in the statute that notice must be given to the attorney general or the U.S. attorney if suit has been brought under 7403, because I think that the drafters of the statute never envisioned that a lawsuit like this would be brought. And certainly, you know, we have found no precedent, and the merchants have not cited any, where somebody's tried to, you know, come in through the back door after the lien foreclosure suit is brought and try to acquire title of the property in this way. Okay. All right. Counsel? Your Honor, if I may address just a couple of points that were raised. First, there has never been a determination by the district court as to the validity of the IRS's liens. The district court simply accepted the stipulation and confession of judgment of Mr. Swanson. There has never been any evidence. Was it otherwise contested? Yes, it was. Mr. and Mrs. Marchett filed an answer contesting the validity of those liens. They filed an answer specifically denying that the allegations of the Internal Revenue Service, that they had a valid lien on the property. In the 7425 suit, they did that? It's all part of the same suit. It was in the suit brought by the Internal Revenue Service. When they filed the answer, they filed an answer denying the validity of the Internal Revenue Service's liens. All right. There was never a hearing on that. There was no evidence presented. There was never a determination by the district court on that issue. There was simply the stipulation filed by Mr. Swanson. The IRS argues that the stipulation was in the pending case. The pending case being 7425 case? No, being this case. 702425 deals with nonjudicial sales of property. So it was a process that was proceeding outside of any court system pursuant to statute. All right. And with respect to the stipulation, the counsel states that through the process of filing documents with the court, notice would have been given to the parties. As I stated earlier, this notice, which is dated December 4th, which is a Thursday, that leaves the 5th, 8th, and 9th, a Monday and Tuesday, a Friday, a Monday, and a Tuesday, for them to eject before the district court entered an order based upon that notice. No one had sufficient time to respond, to address, and further, most importantly, there was no notice as part of the filing of that stipulation saying that by through the stipulation, we are seeking to hold all co-defendants bound by these allegations and this confession of Mr. Swanson. If there had been anything saying we're seeking summary judgment, holding everyone to what Mr. Swanson stipulates to, then there could have been a response. So you say they filed an answer putting the ownership and validated the liens at issue. Yes. Did you make any proffer to the district court as to what evidence you would have put forward to support that? We made those arguments in our briefs that were filed with the district court, yes. And the argument was? I'm sorry. And the argument was what? The argument was that because the IRS was given notice pursuant to 7425C and the IRS failed to timely respond by operation of federal statute, their liens were discharged. Okay. That wasn't my question. I'm sorry. Counsel was saying that nobody disputed that Curtis Swanson was in fact the owner or that the tax liens attached. Now, you're saying, well, we found a way to get rid of them, but that depended on the efficacy of your lawsuit. The answer that was filed disputed that and said we do not believe that these liens are valid on this property regardless of who the owner is because they were discharged. They were discharged by your action. Correct. Okay, but going back. But they were liens that had attached. You found a way, you think, to disattach them, if you will. If they were valid liens. Okay. It never got to the issue of actual trial on whether they were valid. You didn't proffer anything to suggest at the outset that they weren't valid. Correct. Okay. Correct. We were actually joined later on in the case. Yes. All right. Okay. Thank you very much. All right. The case is submitted. We appreciate the arguments. Thank you, Your Honor. This is not a case that we deal with every day kind of case, so it's good to get arguments and get clarification. Thank you.
judges: Fisher, Gould, Paez